

# The Attorney General of Texas

December 27, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable J. D. Wendeborn, Chairman
Texas State Board of Physical Therapy
  Examiners
5555 N. Lamar, H-135
Austin, Texas 78751

Opinion No. H-1306

Re: Whether athletic coaches may use physical therapy devices.

Dear Mr. Wendeborn:

You ask whether athletic coaches who use physical therapy modalities are in violation of article 4512d, V.T.C.S., which requires athletic trainers to be licensed, or article 4512e, V.T.C.S., which requires physical therapists to be licensed.

An athletic trainer "carries out the practice of prevention and/or physical rehabilitation of injuries incurred by athletes" by using "physical modalities such as heat, light, sound, cold, electricity, or mechanical devices related to rehabilitation and treatment." V.T.C.S. art. 4512d, § 1(1). The licensing requirement applies to persons who hold themselves out as athletic trainers or perform any of the activities of athletic trainers for compensation. Sec. 8. In Attorney General Opinion M-1012 (1971) this office concluded that athletic coaches who do not hold themselves out as athletic trainers and who were not compensated to perform the activities of an athletic trainer were not required to be licensed under article 4512d, V.T.C.S. The opinion stated that athletic coaches could legally use physical therapy modalities such as ultrasound and diathermy devices to treat athletes. We reaffirmed this conclusion in Attorney General Opinion H-471 (1974).

The physical therapy statute, article 4512e, V.T.C.S., and the athletic trainer statute, article 4512d, V.T.C.S., were passed in the same session of the legislature and should be construed in pari materia. Each statute provides an exemption for persons licensed under the other Act. V.T.C.S. arts. 4512d, § 1(4); 4512(e), § 6. We believe that the legislature intended that the two acts be mutually exclusive. Since the care of athletes is the more specific activity, we believe the legislature intended that coaches be regulated, if at all, under that statute. Since it has been determined that coaches are not required to be licensed under that Act, we believe it follows that they are not required to be licensed under the physical therapy act.

This conclusion is supported by the legislative acquiesence in the conclusion of Attorney General Opinion M–1012. Three regular sessions of the legislature have convened since the Attorney General stated that coaches were authorized to use physical therapy modalities on athletes as a necessary activity in the performance of their duties as a coach and no legislation has been enacted to alter that result.

### S U M M A R Y

Athletic coaches are not required to be licensed under the physical therapy statute, article 4512e, V.T.C.S., in order to utilize physical therapy modalities as a necessary activity in their performance of their duties as a coach.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn